UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kristal Johnson,                                            Civil No. 07-1347 (DWF/AJB)

          Plaintiff,

v.                                                          **MEMORANDUM
                                                            OPINION AND ORDER**

Scott and Gloria Marina Englund
d/b/a Twin City Environments, an
assumed name; Scott Englund d/b/a
TCE CARS, an assumed name;
Scott Englund, individually; A & K
Auto Sales; and Jamal A. Al-Awamie,

          Defendants.

_____

Nicholas P. Slade, Esq., Barry & Slade, LLC, counsel for Kristal Johnson.

Benjamin Myers, Esq., Dejvongsa, Myers & Associates, LLC, counsel for A & K Auto Sales, and Jamal A. Al-Awamie.

Geoffrey R. Colosi, Esq., Colosi & Associates LLC, counsel for Scott and Gloria Marina Englund.

_____

      This matter is before the Court on a Motion for Summary Judgment brought by Kristal Johnson against Defendants Scott Englund and Gloria Englund, and a separate Motion for Summary Judgment brought by Johnson against Defendants A & K Auto Sales and Jamal A. Al-Awamie.  For the reasons stated below, the Court grants Johnson's motions and awards damages in the amount of $3,300.00.

**BACKGROUND**

On or around August 12, 2006, Kristal Johnson contacted Scott Englund about purchasing a used vehicle. Johnson agreed to purchase a 1994 Toyota Camry for $3,995 plus taxes and fees. Johnson signed a purchase agreement. The purchase agreement listed Twin City Environments as the seller of the vehicle. (Aff. of Nicholas Slade in Supp. of Mot. for Summ. J. ("Slade Aff.") ¶ 2, Ex. 2.) Johnson made a $300 down payment and agreed to make monthly payments of $200. Johnson was also charged a "Contracts" fee of $300 and a "Contract Set Up" fee of $1,000. On August 12, 2006, Johnson took possession of the vehicle. On or around September 9, 2006, Johnson made her first $200 payment. In October 2006, Johnson made two partial payments of $100 each. Johnson also claims to have mailed a payment of $200 on or about November 20, 2006. Around the same time, Scott Englund repossessed the vehicle.

Scott Englund was not licensed by the State of Minnesota as a dealer in used automobiles prior to the commencement of this action. In addition, Twin City Environments is not licensed by the State of Minnesota as a dealer in used automobiles or to operate as a "Sales Finance Company." A & K Auto Sales is a dealer of used automobiles and is licensed to operate a used car sales lot in Anoka, Minnesota, but not in Hennepin or Scott Counties. Johnson asserts that Al-Awamie held the dealer's license for A & K Auto Sales.

**DISCUSSION**

**I.      Legal Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     Claims Against Scott Englund[1]

Johnson asserts various claims against Scott Englund, including violations of the Truth in Lending Act (15 U.S.C. § 1601, *et seq.*) ("TILA"), violations of the Minnesota Motor Vehicle Retail Installment Sales Act (Minn. Stat § 53C.01, *et seq.*) ("MMVRISA"), violations of the Consumer Fraud Act (Minn. Stat. § 325.68-.69), wrongful repossession, and usury.  Johnson asserts that Defendants are liable for damages totaling $16,431.67 plus costs and reasonable attorney fees.  Johnson's claimed damages break down as follows:

   a.    $1,000 for a violation of the Truth in Lending Act
         (15 U.S.C. § 1640);

   b.    $4,742.17 under Minn. Stat. § 53C.12, subd. 2; or in the alternative
         liquidated damages under Minn. Stat. § 53C.12, subd. 3;

   c.    $900 in actual damages under the Consumer Fraud Act (Minn. Stat.
         § 325F.69 and Minn. Stat. § 8.31);

   d.    $1,799.50 for wrongful repossession; and

   e.    $7,990 for conversion.

At the hearing regarding the present motions, Scott Englund indicated that he does not contest liability with respect to Johnson's claims.  Therefore, the Court grants Johnson's motion for summary judgment on liability as to Scott Englund.  The only remaining issue before the Court is the proper measure of damages.  At the hearing on this matter, Scott Englund indicated that the issue of damages was properly before the

---

[1]     The parties focus their arguments on the liability of Scott Englund.  Therefore, this order does not address any potential liability on the part of Gloria Marina Englund.

Court, asserted that Johnson's damage claim is unreasonable, and made a plea for proportionality.

Johnson asserts that she is entitled to $900 under the private attorney general statute (Minn. Stat. § 8.31, subd. 3a) for the violation of the Minnesota Consumer Fraud Act, which prohibits fraud and misrepresentations related to the sale of merchandise.  *See* Minn. Stat. § 325F.68-.69.  Specifically, Minnesota Statute section 325F.69, subd. 1, provides:

> The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein.

Minnesota Statute section 8.31, subd. 3a, allows private plaintiffs to seek damages if they are "injured" by violations of the Consumer Fraud Act:

> In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in subdivision 1 [which includes "the Prevention of Consumer Fraud Act (sections 325F.68 to 325F.70)"] may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

Johnson asserts that Englund received $900 in consideration for the sale of the Camry.  The record demonstrates that Johnson made a $300 down payment and an additional $400 in payments for the Camry.  In total, Johnson's out-of-pocket expenses

total $700.[2]  The Court finds that Johnson is entitled to, and Scott Englund is liable for, Johnson's out-of-pocket damages in the amount of $700.

Johnson also asserts that she is entitled to $1,000 in damages under the TILA. Generally, the TILA requires that a creditor make certain disclosures to borrowers. With respect to damages under the TILA, Johnson points to 15 U.S.C. section 1640, which provides in relevant part:

> **(a) Individual or class action for damages; amount of award; factors determining amount of award**
> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person in any amount equal to the sum of –
> **(1)**       any actual damage sustained by such person as a result of the failure;
> **(2)(A)(i)**   in the case of an individual action twice the amount of any finance charge in connection with the transaction.

15 U.S.C. §§ 1640(a)(1), (2)(A)(i).  Here, Johnson makes no showing of any actual damages incurred as a result of any violation of the TILA.  Accordingly, Johnson is not entitled to damages under 15 U.S.C. section 1640(a)(1).  With respect to section 1640(a)(2)(A)(i), it appears that Johnson asserts that the "Contracts" fee of $300 and the "set up" fee of $1,000 constitute a "finance charge."  Scott Englund does not dispute that these charges were a "finance charge" per se, but asserts that the fees are exempt from the statute because they were not labeled as such.  Scott Englund does not, however, provide

---

[2]   Scott Englund concedes that Johnson made $700 in payments.  Johnson claims that she made an additional $200 payment by mail in November 2006, for a total of $900. Johnson, however, has not pointed to record evidence of the November payment. Accordingly, the alleged November payment is not included in the Court's calculation of out-of-pocket damages.

any authority for this assertion. Therefore, the Court treats the "Contracts" and "set up" fees as a "finance charge." The record establishes that this fee was included in the purchase agreement. The Court finds that Scott Englund is, therefore, liable to Johnson in the amount of $2,600 (twice the amount of the finance charge) under 15 U.S.C. section 1640(a)(2)(A)(i).

Johnson also asserts that she is entitled to damages under the MMVRISA, which provides that "no person shall engage in the business of a sales finance company in this state without a license" and contains certain requirements for retail installment contracts. *See* Minn. Stat. §§ 53C.02 & 53C.08. Further, the MMVRISA also provides for damages for fraudulent violations of the statute:

> In case of a fraudulent violation of any provision of sections 53C.01 to 53C.14, the buyer shall have a right to recover from the person committing such violation, to set off or counterclaim in any action by such person to enforce such contract an amount as liquidated damages, the whole of the contract due and payable, plus reasonable attorneys' fees.

Minn. Stat. § 53C.12, subd. 2. In addition, the MMVRISA provides:

> In case of a failure to comply with any provision of sections 53C.01 to 53C.14, other than a fraudulent violation, the buyer shall have a right to recover from the person committing such violation, to set off or counterclaim in any action by such person to enforce such contract an amount as liquidated damages equal to three times the amount of any time price differential charged in excess of the amount authorized by sections 53C.01 to 53C.14 or $50, whichever is greater, plus reasonable attorneys' fees.

Minn. Stat. § 53C.12, subd. 3.

Johnson asserts that she is entitled to an award of damages in the amount of $4,742.17, which represents the "whole of the contract due and payable" under

Minnesota Statute section 53C.12, subd. 2. In the alternative, Johnson seeks damages under Minnesota Statute section 53C.12, subd. 3.

The Court concludes that Johnson has failed to demonstrate that she is entitled to damages under this statute. First, there has been no showing that there is a contract amount that is "due and payable." The record demonstrates that Scott Englund repossessed the vehicle and there is no indication that Scott Englund asserts that Johnson is still liable under the contract. Moreover, Johnson has not demonstrated how, without such a contract due and payable, she is entitled to damages under Minnesota Statute section 53C.12, subd. 2. The Court also finds that Johnson has failed to demonstrate that she is entitled to damages under Minnesota Statute section 53C.12, subd. 3. That section allows for an award of "liquidated damages equal to three times the amount of any time price differential charged in excess of the amount authorized by sections 53C.01 to 53C.14." Johnson simply states that she is entitled to damages under this section, but provides no amount or any supporting calculation. The Court declines to award the requested damages under this statute for lack of factual and legal support.

Finally, Johnson asserts that she is entitled to $1,799.50 and $7,990, respectively, for wrongful repossession and conversion. The Court declines to award such damages. The Court has already awarded Johnson damages for her out-of-pocket expenses for payments made on the contract. Johnson did not pay the contract in full and to award her additional damages over the amount she paid for the vehicle would be inappropriate here, particularly because Johnson has failed to demonstrate any actual damages other than those already awarded.

**III.     Claims Against A & K Auto Sales and Al-Awamie**

Johnson also moves for summary judgment against A & K Auto Sales and Al-Awamie. Johnson's claims against A & K Auto Sales and Al-Awamie include claims for violations of the State Odometer Act, Minn. Stat. § 325.13, *et seq.*, violations of the Consumer Fraud Act, fraudulent misrepresentation, and breach of express warranty. Johnson seeks actual damages, damages pursuant to Minnesota Statute section 325E.16, and further relief the Court deems just and appropriate.

A & K Auto Sales is a dealer of used automobiles and is licensed to operate a used car sales lot in Anoka, Minnesota. Johnson asserts that Al-Awamie held the dealer's license for A & K Auto Sales. Johnson bases her motion for summary judgment against these two defendants on their failure to respond to certain Requests for Admission. In particular, pursuant to A & K Auto Sales and Al-Awamie's failure to respond to Requests for Admissions, they are deemed to have admitted that A & K Auto Sales was not licensed to sell used cars in Hennepin or Scott Counties; that Scott Englund was an agent for A & K Auto Sales at the time Johnson purchased the Toyota Camry from Englund; and that A & K Auto Sales permitted Scott Englund to operate as its agent from a non-licensed location.

A & K Auto Sales and Al-Awamie concede that they failed to respond to Johnson's Requests for Admission. A & K Auto Sales and Al-Awamie maintain, however, that they have at no time authorized or given permission to Scott Englund to use their name, property, or corporate or personal resources. A & K Auto Sales and Al-Awamie also maintain that the only basis for Johnson's claims arises from their

failure to respond to Requests for Admission, but that the subsequent deposition of Scott Englund demonstrates that he had no authorization to act on behalf of A & K Auto Sales. Based on this representation, A & K Auto Sales and Al-Awamie assert that it would be unfair to hold them accountable in this action.

The Court cannot ignore A & K Auto Sales and Al-Awamie's failure to respond to Johnson's Requests for Admission. A matter is deemed admitted if a party fails to timely respond to such a request. Fed. R. Civ. P. 36(c). Moreover, there is evidence in the record indicating that the Camry that Johnson purchased was bought by A & K Auto Sales from a third-party on February 8, 2006. (Slade Aff. ¶ 5, Ex. 4.) There is no evidence that ownership of the Camry changed after that date and before Johnson purchased the vehicle from Scott Englund. Therefore, there is evidence of a connection between A & K Auto Sales, Al-Awamie, and Scott Englund.

Based on A & K Auto Sales and Al-Awamie's deemed admissions and the record evidence indicating that A & K Auto Sales owned the car sold to Johnson, the Court grants Johnson's motion as to liability with respect to A & K Auto Sales and Al-Awamie. Insofar as Johnson seeks actual damages, the Court notes that it has already determined those damages to be $700. A & K Autos Sales and Al-Awamie will be jointly and severally liable with Scott Englund for those damages. Johnson further seeks damages under Minnesota Statute section 325E.16. In addition to actual damages, that statute allows the Court, in its discretion, to increase the award of damages up to three times the

actual damages sustained. *See* Minn. Stat. § 325E. 16, subd. 3.[3] The Court declines to treble the damages in this case.

## IV. Motion to Withdraw

At the hearing on this matter, counsel for A & K Auto Sales and Al-Awamie represented that he previously attempted to withdraw as counsel from his representation in this case. Counsel represented to the Court that he has not had any significant contact with his clients in over two years. Counsel reasserted his standing motion to be discharged.

An attorney may be permitted to withdraw as counsel of record only by order of the Court. D. Minn. LR 83.7(a). "Withdrawal without substitution may be granted only by a motion before the Court, for good cause shown." D. Minn. LR 83.7(c). Based on a review of the file, the Court finds that good cause exists to allow Benjamin Myers, Esq., and the law firm of Dejvongsa, Myers & Associates, LLC, to withdraw from representing A & K Auto Sales and Al-Awamie.

---

[3] Minn. Stat. section 325E. 16, subd. 3 reads:

> **Civil action.** Any person injured by a violation of sections 325E.13 to 325E.16 shall recover the actual damages sustained together with costs and disbursements, including a reasonable attorney's fee, provided that the court in its discretion may increase the award of damages to an amount not to exceed three times the actual damages sustained or $1,500, whichever is greater.

## CONCLUSION

1. Johnson's Motion for Summary Judgment (Doc. No. 24) is **GRANTED.**

2. Johnson's Motion for Summary Judgment (Doc. No. 27) is **GRANTED.**

3. Scott Englund, A & K Auto Sales, and Al-Awamie are liable to Johnson for actual damages in the amount of $700.

4. Scott Englund is liable to Johnson for damages under the Truth in Lending Act in the amount of $2,600.

5. The Motion to Withdraw as Counsel of Record for A & K Auto Sales and Al-Awamie is **GRANTED**.

6. The Court will consider the availability and amount of attorney fees by a separate motion.

Dated:  December 15, 2008            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court